EXCALIBUR INSURANCE COMPANY, Plaintiff,

v.

SLAY TRANSPORTATION COMPANY, INC., and Bee Line Trucking Company, Inc., Defendants.

No. 83–2511C(A).

United States District Court, E.D. Missouri, E.D.

Aug. 29, 1984.
Order Oct. 19, 1984.

F. Douglas O'Leary, St. Louis, Mo., for plaintiff.

Thomas A. Connelly, St. Louis, Mo., for defendant.

MEMORANDUM OPINION .

HARPER, District Judge.

This matter is before the Court on the complaint of plaintiff, Excalibur Insurance Company, for insurance premiums and deductibles not paid allegedly owed it from defendants, Slay Transportation Company, Inc. and Bee Line Trucking Company, Inc.

Plaintiff is an insurance corporation duly organized and existing under the laws of the State of Minnesota, is authorized to do business in the State of Missouri, and maintains its principal place of business in the State of Texas.

Defendants, Slay Transportation Company, Inc. and Bee Line Trucking Company, Inc., are corporations organized under the laws of the State of Missouri, with their principal places of business in the State of Missouri. The amount in controversy exceeds ten thousand dollars.

The case was tried before the Court without a jury. Based on the testimony before the Court and the offered exhibits, the following constitutes this Court's findings of fact:

1): Defendants, Slay Transportation Company, Inc. and Bee Line Trucking Company, Inc., purchased a policy of insurance, Policy Number 210009878–79, from plaintiff. The policy was in effect from February 5, 1978 to February 24, 1980.

2): The insurance policy contains a formula for determining the amount of premiums owed plaintiff. This formula is located in the Earned Premium Endorsement, dated February 5, 1978, and the Rate Endorsement, dated February 5, 1979.

3): The deductibles contained in the policy are as follows:

Cargo deductible of $500.00 for each occurrence with respect to losses resulting from injury to, destruction or loss of goods or merchandise.

Collision loss deductible of $10,000.00 for each occurrence, and the same deductible applies also to property damage and cargo legal liability.

4): The term "incurred losses" is defined in the earned premium endorsement as "all losses paid by the company during the accounting period, minus salvage and subrogation recoveries thereto, plus reserves as established by the company on outstanding losses."

5): The "underwriting expense fee" for each defendant yearly is found by this Court to be as follows:

|  | 1978 | 1979 |
|---|---|---|
| Slay Transportation | $5,810.15 | $5,001.78 |
| Bee Line | 1,175.53 | 885.55 |

6): The "bodily injury paid losses" for each defendant yearly is found by this Court to be as follows:

|  | 1978 | 1979 |
|---|---|---|
| Slay Transportation | 32,306.40 | 3,000.00 |
| Bee Line | 4,819.88 | 27,000.00 |

7): The "bodily injury loss reserves" for each defendant yearly is found by this Court to be as follows:

|  | 1978 | 1979 |
|---|---|---|
| Slay Transportation | .00 | 33,500.00 |
| Bee Line | .00 | .00 |

8): The "claim supervision expense—bodily injury" for each defendant yearly is found by this Court to be as follows:

|  | 1978 | 1979 |
|---|---|---|
| Slay Transportation | 3,553.70 | 4,015.00 |
| Bee Line | 530.19 | 2,970.00 |

9): The "losses paid other than bodily injury" for each defendant yearly is found by this Court to be as follows:

|  | 1978 | 1979 |
|---|---|---|
| Slay Transportation | 32,543.36 | 20,925.61 |
| Bee Line | 15,478.01 | .00 |

10): The "loss reserves other than bodily injury" for each defendant yearly is found by this Court to be as follows:

|  | 1978 | 1979 |
|---|---|---|
| Slay Transportation | 5,000.00 | .00 |
| Bee Line | .00 | .00 |

11): The "claim supervision fee—other" for each defendant yearly is found by this Court to be as follows:

|  | 1978 | 1979 |
|---|---|---|
| Slay Transportation | 3,003.47 | 1,674.05 |
| Bee Line | 1,238.24 | .00 |

12): The "loss adjustment expense" for each defendant yearly is found by this Court to be as follows:

|  | 1978 | 1979 |
|---|---|---|
| Slay Transportation | 20,371.38 | 6,325.61 |
| Bee Line | 7,306.24 | 6,604.88 |

13): The "premium tax" for each defendant yearly is found by this Court to be as follows:

|  | 1978 | 1979 |
|---|---|---|
| Slay Transportation | 4,103.54 | 2,977.68 |
| Bee Line | 1,221.92 | 1,498.42 |

14): The "total retrospective charges" obtained by adding the above losses, reserves, fees and taxes are as follows:

|  | 1978 | 1979 |
|---|---|---|
| Slay Transportation | 106,692.00 | 77,419.73 |
| Bee Line | 31,770.01 | 38,958.85 |

15): To be subtracted from the "total retrospective charges" are the "provisional retrospective premiums below:

|  | 1978 | 1979 |
|---|---|---|
| Slay Transportation | 58,101.56 | 45,470.77 |
| Bee Line | 11,755.32 | 8,050.51 |

16): The resulting "retrospective status" of each defendant yearly is found by this Court to result in the following deficits owed by each defendant to plaintiff:

|  | 1978 | 1979 |
|---|---|---|
| Slay Transportation | 48,590.44 | 31,948.96 |
| Bee Line | 20,014.69 | 30,908.34 |

17): Defendant, Slay Transportation Company, Inc. has a credit of $36,000.00 due toward any premiums owed by it to plaintiff.

18): It is determined by this Court that an additional "premium receivable" is due plaintiff from defendant, Bee Line Trucking Company, Inc., in the amount of $2,732.56.

19): It is determined by this Court that plaintiff is entitled to receive $4,096.81 from defendant, Slay Transportation Company, Inc., and $1,929.38 from defendant, Bee Line Trucking Company, Inc. for deductibles not paid.

The following constitutes this Court's conclusions of law:

1): This Court has jurisdiction over the parties and subject matter of this claim pursuant to 28 U.S.C. § 1332.

2): The insurance policy issued to defendants by plaintiff is unambiguous in its terms and provisions. This Court's findings are the result of these unambiguous provisions in the insurance policy.

3): Defendant has failed to show that the agreed-upon premium tax percentage of four percent in the policy is improper, illegal, or against the public policy of the State of Missouri. Therefore, defendants will be held liable for the percentage agreed upon by the parties as contained in the policy.

4): The weight of the credible evidence results in a conclusion that plaintiff is due premiums and deductibles owed in the total amount of $48,636.21 from defendant, Slay Transportation Company, Inc.

5): The weight of the credible evidence supports a conclusion that plaintiff is due premiums and deductibles owed in the total amount of $55,584.97 from defendant, Bee Line Trucking Company, Inc.

Accordingly, judgment is rendered herein in favor of plaintiff, Excalibur Insurance Company, in the amount of $48,636.21 as against defendant, Slay Transportation Company, Inc., and in the amount of $55,584.97 as against defendant, Bee Line Trucking Company, Inc., with interest as to each amount from the date of the judgment.